# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KAREN E. DUPREY,

        Plaintiff,

vs.                                              No. CIV 08-0756 JB

TWELFTH JUDICIAL DISTRICT COURT,
State of New Mexico; HON. KAREN L. PARSONS,
Individually and in her official capacity as
Chief Judge, Twelfth Judicial District
Court, State of New Mexico; HON. EUGENIO S. MATHIS,
Individually, and in his official capacity as
Chairperson of the Judicial Grievance Board
convened at Santa Fe, New Mexico on Friday,
November 16, 2007 and re-convened on
5 December 2007; JAN PERRY,
Individually and in her official capacity as
Court Administrator, Twelfth Judicial District
Court, State of New Mexico; LORRI A. HATCHER,
Individually and in her official capacity as
Director, New Mexico Administrative Office
of Courts, Human Resources Division;
and VALERIE PARK, Individually and in her official capacity as
Project Manager, New Mexico Administrative
Office of the Courts Human Resources Division;

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss, filed

September 23, 2008 (Doc. 12).  The Court held a hearing on June 18, 2009.  The primary issue is

whether the Court should dismiss Count VI of the Complaint, styled "Denial of Equal Protection:

Adverse Employment Actions, Harassment and Retaliation," because it is a class-of-one equal

protection claim.  Because the Complaint contains a class-of-one equal-protection claim, and such

claims are not viable in the context of this case, the Court will dismiss all aspects of Count VI that

rely on the class-of-one theory.  The Court finds, however, that Plaintiff Karen E. Duprey has pled a valid equal-protection claim outside of her class-of-one theory.  The Court will therefore decline to dismiss Count VI in its entirety and will allow Duprey to go forward on part of the equal protection claim.  Accordingly, the Court will grant the motion to dismiss in part and deny it in part.

## **FACTUAL BACKGROUND**

Duprey was an employee of the Twelfth Judicial District Court for the State of New Mexico. See Complaint for Employment Discrimination and Retaliation and for Deprivation of Civil Rights Under Color of State Law ¶ 2, at 2, filed August 18, 2008 (Doc. 1)("Complaint").  She began working for the Twelfth Judicial District Court on August 31, 1995.  See id. ¶ 34, at 8.  In the Calendar Year 2000, Duprey competed for the position of Court Administrator.  See id. ¶ 36, at 8.  Although she alleges she was highly qualified for the position, Duprey did not receive the promotion.  See id. ¶ 36, at 8.  Rather, another, less qualified employee received the job and "from the outset exhibited jealousy and antipathy toward [Duprey], and directly and indirectly encouraged younger employees and minority employees working under [Duprey] to exhibit insubordination and discontent."  Id. ¶ 36, at 8.

Duprey alleges as series of adverse actions taken against her during her employment, culminating in her demotion.  See id. ¶¶ 37-60, at 9-13.  Based on many of these adverse acts, Duprey alleges, among other things, that she suffered a deprivation of her right to equal protection. See id. ¶¶ 81-85, at 16-17.  Duprey sets forth her equal-protection claim in Count VI of her Complaint.  See id.

Duprey makes two main allegations in Count VI regarding violations of her right to equal protection: "The adverse employment actions, denial of due process, harassment and retaliation complained of herein denied Plaintiff the Equal Protection of the Laws as guaranteed to her under

the New Mexico and United States Constitutions," id. ¶ 85, at 17; and (ii) "Plaintiff has been harmed and damaged by said denial of Equal Protection, for which she is entitled to just and fair compensation in an amount to be established at trial."  id. ¶ 85, at 17.  The first paragraph after the heading for Count VI also states: "The preceding paragraphs are herein incorporated by reference as if fully set forth."  Id. ¶ 81, at 16.

Elsewhere in her Complaint, Duprey asserts:

3.      At all times relevant to this Complaint, Plaintiff was and is in a protected category for purposes of Title VII of the Civil Rights Act of 1964 and for purposes of the New Mexico Human Rights Act by virtue of her gender, female;

4.      At all times relevant to this Complaint, Plaintiff was and is in a protected category for purposes of the federal Age Discrimination in Employment Act and for purposes of the New Mexico Human Rights Act by virtue of her age in that she is over the age of 40 years;

5.      At all times relevant to the Complaint, Plaintiff was and is in protected category for purposes of Title VII of the Civil Rights Act of 1964 and for purposes of the New Mexico Human Rights Act by virtue of her race and national origin, white and "Anglo;"

6.      At all times relevant to the Complaint, Plaintiff was and is in a protected category for purposes of Title VII of the Civil Rights Act of 1964 and for purposes of the New Mexico Human Rights Act by virtue of her past participation in the process of filing complaints of prohibited discrimination, in that Plaintiff had previously filed three (3) charges of prohibited discrimination with the United states Equal Employment Opportunity Commission (EEOC) . . . .

Complaint ¶¶ 3-6, at 2-3.  The Complaint also contains a paragraph which alleges that, on at least four occasions, certain defendants "subjected Plaintiff to humiliating, degrading and demeaning interrogations regarding unfounded allegations and complaints made against her by Plaintiff's subordinates, all of whom were Hispanic, and all of whom had banded against Plaintiff."  Id. ¶ 39.

-3-

## PROCEDURAL BACKGROUND

Duprey filed her Complaint in the United States Court for the District of New Mexico on August 18, 2008.  She has made a series of claims, including a claim for violation of her right to equal protection.  On September 23, 2008, the Defendants filed their motion to dismiss Count VI. See Motion at 1.

In their motion to dismiss, the Defendants argue that Count VI of Duprey's Complaint, while not using the exact words, articulates what amounts to a class-of-one equal-protection claim, under which Duprey alleges differential treatment from similarly situated persons without alleging that the differential treatment was based on her membership in a particular class.  See Memorandum in Support of Rule 12(b)(6) Motion to Dismiss at 1-2, filed September 23, 2008 (Doc. 13)("Memo.").  According to the Defendants, the class-of-one equal protection theory is not available in public employment cases.  See id.

In her response, Duprey concedes that recent Supreme Court precedent forecloses the class-of-one equal protection theory in public-employment cases.  See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Count [VI] (Documents 12 and 13) at 1, filed October 5, 2008 (Doc. 18)("Response").  Although she admits the unavailability of a class-of-one equal protection lawsuit, Duprey argues that her equal-protection claim is based on her membership in a protected class.  See id.  She notes that she has pled differential treatment because of her gender, age, race, national origin, classification as "white" or "Anglo," and her exercising her rights.  Id. at 1-2. Duprey disclaims any attempt to plead under a class-of-one theory.  See id. at 2.

The Defendants argue in their reply that Duprey's Complaint does not make it clear that she is not making a class-of-one claim.  See Reply in Support of Motion to Dismiss Count VI at 2, filed October 15, 2008 (Doc. 24)("Reply").  The Defendants contend that Count VI does not mention

-4-

Duprey's membership in any protected class and that its only substantive allegation appears to articulate a class-of-one claim. See id. In the Defendants' view, Duprey's Complaint "is a classic 'class of one' equal protection claim now barred by Engquist [v. Oregon Dept. of Agr.], 128 S.Ct. 2146 (2008)." Reply at 2.

At the hearing, Duprey disputed the contention that she was attempting to state a class-of-one equal-protection claim. See Transcript of Hearing at 4:17-5:4 (taken June 18, 2009)(Montoya)("Tr.").[1] Duprey insisted that she was grounding her equal-protection claim in allegations that Duprey was treated differently because of her membership in a protected class, rather than on a class-of-one claim. See id. at 5:1-4 (Montoya). Duprey also stated that, while she would be willing to amend her Complaint to more fully reflect in Count VI that she is stating a claim based on her membership in various protected classes, she believed doing so would be redundant. See id. at 9:5-14 (Montoya).

While the Defendants recognized that the Complaint did not use the phrase "class-of-one," the Defendants argued that, because of the way the equal-protection violation claim was framed in Count VI of the Complaint, they concluded that Duprey was making a class-of-one argument. See id. at 6:16-7:5 (Maynes). The Defendants asserted that, based on their reading of the Complaint, they are entitled to dismissal on Count VI. See id. at 7:1-4 (Maynes).

## LAW REGARDING MOTIONS TO DISMISS

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

as true." <u>Mobley v. McCormick</u>, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. See <u>Moore v. Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006); <u>Hous. Auth. of Kaw Tribe v. City of Ponca City</u>, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." <u>Id.</u> at 1965 (internal citation omitted). "[T]he Supreme Court recently . . . prescribed a new inquiry for us to use in reviewing a dismissal: whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d 1174, 1177 (10th Cir. 2007)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 570). "The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss." <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d at 1177 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 570)(alterations omitted). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." <u>Ridge at Red Hawk, L.L.C. v. Schneider</u>, 493 F.3d at 1177. The Tenth Circuit has stated:

"[P]lausibility" in this context must refer to the scope of the allegations in a

> complaint: if they are so general that they encompass a wide swath of conduct, much
> of it innocent, then the plaintiffs "have not nudged their claims across the line from
> conceivable to plausible."  The allegations must be enough that, if assumed to be
> true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly,

550 U.S. at 570)(internal citations omitted).

The Supreme Court has recently expounded upon the meaning of Bell Atl. Corp. v.

Twombly.

> Two working principles underlie [the] decision in *Twombly*.  First, the tenet that a
> court must accept as true all of the allegations contained in a complaint is
> inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of
> action, supported by mere conclusory statements, do not suffice. . . .  Second, only
> a complaint that states a plausible claim for relief survives a motion to dismiss.
> Determining whether a complaint states a plausible claim for relief will . . . be a
> context-specific task that requires the reviewing court to draw on its judicial
> experience and common sense.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009)(citation omitted).  Additionally, the Supreme

Court has commented:

> In keeping with these principles a court considering a motion to dismiss can choose
> to begin by identifying pleadings that, because they are no more than conclusions,
> are not entitled to the assumption of truth. While legal conclusions can provide the
> framework of a complaint, they must be supported by factual allegations.

Id. at 1950.

## ANALYSIS

Having carefully reviewed the Complaint, the briefing, and the arguments presented at the

hearing, the Court finds that Duprey's Complaint, fairly read, states a valid equal-protection claim.

The Court also believes, however, that the Complaint might articulate a class-of-one claim.  To the

extent that there is a class-of-one theory in the Complaint, the Court will dismiss it.  Otherwise, the

equal-protection claim is viable, and Duprey will be permitted to pursue it.  Furthermore, the parties

all appear to understand, at this point, what the metes and bounds of the equal-protection claim are. The Court will not, therefore, require Duprey to amend her Complaint.

I.    A CLASS-OF-ONE EQUAL PROTECTION-CLAIM IS NOT AVAILABLE IN THIS CASE.

The Supreme Court recently dealt with the class-of-one theory in the public-employment context. In Engquist v. Oregon Dept. of Agr., a plaintiff sued her employer, the Oregon Department of Agriculture for, among other things, violation of her right to equal protection, after the Department eliminated her position and ultimately gave her the option of demotion or termination. See 128 S.Ct. at 2149. A jury rejected the plaintiff's claim in Engquist v. Oregon Dept. of Agr. that she was treated differently on account of membership in a suspect class. See id. The jury found in the plaintiff's favor, however, on her allegation that her employer treated her differently than others without any rational basis. See id. at 2149-50.

The Supreme Court in Engquist v. Oregon Dept. of Agr. determined that this class-of-one claim, which involved a claim for differential treatment based not on membership in a protected class, but rather on animus toward the individual, was not available against public employers under the equal-protection clause. See id. at 2151. In reaching its conclusion, the Supreme Court noted: "[W]e have often recognized that government has significantly greater leeway in its dealings with citizen employees than it does when it brings its sovereign power to bear on citizens at large." Id.

In this case, Duprey, who is a public employee, is alleging that she was denied a promotion and was demoted. Because her lawsuit arises in the public-employee context, she cannot proceed on the class-of-one theory. Duprey has conceded as much. To the extent that Duprey has sought to pursue a class-of-one claim, the Court will dismiss it.

**II.    DUPREY HAS PROPERLY PLED AN EQUAL-PROTECTION CLAIM BASED ON HER MEMBERSHIP IN A PROTECTED CLASS.**

What the Court must determine, given the law and given Duprey's concession that a class-of-one claim is not available in this case, is whether Duprey has stated an equal-protection claim solely based on the class-of-one theory or whether she has properly alleged discrimination based on her membership in a protected class.  The Court believes the Complaint adequately sets forth allegations to support such a claim.  The Court will therefore not dismiss Count VI in its entirety.

Rule 8 of the Federal Rules of Civil Procedure sets forth the general pleading standards for a party seeking relief in federal court.  Rule 8 states:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> > **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8 (bold in original).  "This standard, known as 'notice pleading,' is intended to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Barfield v. Commerce Bank, N.A., 486 F.3d 1276, 1281 (10th Cir. 2007)(internal quotation marks and citations).  Discussing notice pleading, the Tenth Circuit has explained that courts "emphasize function instead of form, and economic reality rather than labels." Gail v. United States, 58 F.3d 580, 583 (10th Cir. 1995).  See Vallario v. Vandehey, 554 F.3d 1259, 1269 (10th Cir. 2009).

The Defendants have made much about the sparse nature of Count VI of Duprey's Complaint.  Count VI is styled "Denial of Equal Protection: Adverse Employment Actions,

Harassment and Retaliation."  Complaint at 16.  The first paragraph after the heading for Count VI states: "The preceding paragraphs are herein incorporated by reference as if fully set forth."  Id. ¶ 81, at 16.  Count VI contains four more paragraphs after the incorporation paragraph and sets forth two main substantive allegations: (i) "The adverse employment actions, denial of due process, harassment and retaliation complained of herein denied Plaintiff the Equal Protection of the Laws as guaranteed to her under the New Mexico and United States Constitutions," id. ¶ 85, at 17; and (ii) "Plaintiff has been harmed and damaged by said denial of Equal Protection, for which she is entitled to just and fair compensation in an amount to be established at trial."  id. ¶ 85, at 17.  Count VI does not include mention of any protected class to which Duprey belongs.  Nor are there any paragraphs in Count VI that allege that Duprey received unequal treatment on the basis of her membership in a protected class.

If Count VI were all the Court had to examine, the Court would conclude that Duprey was asserting a class-of-one claim, given the absence of any allegations of membership in a protected class or discrimination based on membership in such a class.  Count VI, however, has a standard incorporation paragraph.  That paragraph purports to pull the preceding allegations into Count VI's purview.  Among the allegations that get incorporated by reference are several relating to discrimination based on Duprey's membership in a protected class.  Paragraphs 3 through 6 assert:

> 3.  At all times relevant to this Complaint, Plaintiff was and is in a protected category for purposes of Title VII of the Civil Rights Act of 1964 and for purposes of the New Mexico Human Rights Act by virtue of her gender, female;
>
> 4.  At all times relevant to this Complaint, Plaintiff was and is in a protected category for purposes of the federal Age Discrimination in Employment Act and for purposes of the New Mexico Human Rights Act by virtue of her age in that she is over the age of 40 years;
>
> 5.  At all times relevant to the Complaint, Plaintiff was and is in protected

> category for purposes of Title VII of the Civil Rights Act of 1964 and for purposes of the New Mexico Human Rights Act by virtue of her race and national origin, white and "Anglo;"
>
> 6.     At all times relevant to this Complaint, Plaintiff was and is in a protected category for purposes of Title VII of the Civil Rights Act of 1964 and for purposes of the New Mexico Human Rights Act by virtue of her past participation in the process of filing complaints of prohibited discrimination, in that Plaintiff had previously filed three (3) charges of prohibited discrimination with the United states Equal Employment Opportunity Commission (EEOC) . . . .

Complaint ¶¶ 3-6, at 2-3.  The Complaint also alleges that, on at least four occasions, certain defendants "subjected Plaintiff to humiliating, degrading and demeaning interrogations regarding unfounded allegations and complaints made against her by Plaintiff's subordinates, all of whom were Hispanic, and all of whom had banded against Plaintiff."  Id. ¶ 39.

The allegations set forth in paragraphs 3 through 6, and in paragraph 39, are sufficient to establish that Duprey is asserting membership in more than one protected class.  Although the Defendants argued at the hearing that the incorporation paragraph was not sufficient to pull these allegations into Count VI, see Tr. at 3:1-8 (Maynes), the Court disagrees.  Rule 8 governs the equal-protection pleading in this case.  Under rule 8, what matters is the function that the Complaint must fulfill, not its form.  Thus, Count VI may be somewhat spartan, and while Duprey's Complaint is, in some respects, inartfully drafted, the allegations are sufficient to the put the Defendants on notice of the claims they must rebut.

The Court is aware that the paragraphs tying Duprey to protected classes lack reference to the equal-protection claim.  The Court believes it is sufficient, however, for Duprey to plead membership in the classes, regardless whether she states that such membership applies to equal protection in addition to Title VII and any other provisions she may have listed.  An allegation that a plaintiff is female, or that the plaintiff belongs to a race against which members of another race

-11-

discriminated, puts the Defendants on notice.

At the hearing, the Defendants contended: "What she's required to do is make a specific pleading that she believes her rights have been violated because of her membership in a protected class." Tr. at 3:8-11 (Maynes).  Rule 8 requires a short and plain statement.  Duprey's Complaint fulfills the command of rule 8, and the Defendants can read the Complaint and understand the nature of the equal-protection claim against them.

Although she insisted that her Complaint was sufficient to set forth an equal-protection claim, Duprey nevertheless agreed to file an amended complaint if necessary.  The Court finds that an amended complaint will not be necessary.  The parties now have a clear understanding of what the equal-protection claim is in this case.  An amended complaint would not add any more clarity than has already been gained.  The Court will therefore not require an amended complaint.

Ultimately, the Court believes Duprey states a viable equal-protection claim.  While her Complaint possibly contains, in addition to the viable equal-protection claim, a class-of-one claim, that claim is dismissed.  In other words, Duprey can proceed on the theory that she was treated differently on account of her membership in one of the various protected classes she has named, but she may not proceed on the class-of-one theory as an alternative.  Accordingly, the Court will grant the motion in part and deny it in part.

**IT IS ORDERED** that the Defendants' Motion to Dismiss is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

-12-

*Counsel*:

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho, New Mexico

  *Attorneys for the Plaintiff*

Paula Grace Maynes
Miller Stratvert P.A.
Santa Fe, New Mexico

  *Attorney for the Defendants*