IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN E. DUPREY,

        Plaintiff,

vs.                                                                                                                                                         No. CIV 08-0756 JB

TWELFTH JUDICIAL DISTRICT COURT,
State of New Mexico; HON. KAREN L. PARSONS,
Individually and in her official capacity as
Chief Judge, Twelfth Judicial District
Court, State of New Mexico; HON. EUGENIO S. MATHIS,
Individually, and in his official capacity as
Chairperson of the Judicial Grievance Board
convened at Santa Fe, New Mexico on Friday,
November 16, 2007 and re-convened on
5 December 2007; JAN PERRY,
Individually and in her official capacity as
Court Administrator, Twelfth Judicial District
Court, State of New Mexico; LORRI A. HATCHER,
Individually and in her official capacity as
Director, New Mexico Administrative Office
of Courts, Human Resources Division;
and VALERIE PARK, Individually and in her official capacity as
Project Manager, New Mexico Administrative
Office of the Courts Human Resources Division;

        Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) by Defendants Hatcher and Park, filed October 14, 2008 (Doc. 20).  The Court held a hearing on June 18, 2009.  The primary issue is whether the Court should convert Defendants' Lorri A. Park and Valerie Hatcher's motion to dismiss into a motion for summary judgment.  Because all parties have submitted materials outside the pleadings that are not subject to judicial notice and that the Court sees a need to admit, the Court will convert the motion to dismiss to one for summary

judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Karen E. Duprey was an employee of the Twelfth Judicial District Court for the State of New Mexico. See Complaint for Employment Discrimination and Retaliation and for Deprivation of Civil Rights Under Color of State Law ¶ 2, at 2, filed August 18, 2008 (Doc. 1)("Complaint"). She began working for the Twelfth Judicial District Court on August 31, 1995. See id. ¶ 34, at 8. In calendar year 2000, Duprey competed for the position of Court Administrator. See id. ¶ 36, at 8. Although she alleges she was highly qualified for the position, Duprey did not receive the promotion. See id. ¶ 36, at 8. Rather, another, less qualified employee received the job and "from the outset exhibited jealousy and antipathy toward [Duprey], and directly and indirectly encouraged younger employees and minority employees working under [Duprey] to exhibit insubordination and discontent." Id. ¶ 36, at 8.

Duprey has sued Hatcher and Park for violation under the New Mexico Human Rights Act, and under 42 U.S.C. § 1983. Duprey's allegations are largely set forth elsewhere and are not important to deciding the issue raised in this order. Hatcher and Park filed their motion to dismiss on October 14, 2008. They attached exhibits to that motion that refer to materials outside the pleadings. Duprey also attached an affidavit to her response in which she factually substantiates and augments the allegations in her Complaint. See Doc. 21-2.

## ANALYSIS

A court must convert a motion to dismiss into a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court," and "all parties . . . [must be] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(d). A Court may consider facts subject to judicial notice without converting a

motion to dismiss into a motion for summary judgment.  See Grynberg v. Koch Gateway Pipeline Co., 390 F.3d 1276, 1279, n.1 (10th Cir. 2004)(citing 27A Fed. Proc., L.Ed. § 62:520 (2003)).  Furthermore, when considering a motion to dismiss, "the court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  Van Woudenberg v. Gibson, 211 F.3d 560, 568 (10th Cir. 2000) abrogated on other grounds by McGregor v. Gibson, 248 F.3d 946, 955 (10th Cir. 2001). A court may consider documents to which the complaint refers if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.  See Jacobsen v. Deseret Book Co., 287 F.3d 936, 941-42 (10th Cir. 2002).  If, however, a document is not incorporated by reference or attached to the complaint, but is referred to in the complaint and is central to the plaintiff's claim, the defendant may submit an "indisputably authentic copy to the court to be considered on a motion to dismiss."  GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).  See 5A C. Wright & A. Miller, Federal Practice & Procedure § 1327 (3d ed. 2004)("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading . . . the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading.").

In this case, both parties have submitted materials outside the pleadings in support of their respective positions.  Some of those materials cannot properly be subjected to judicial notice.  For example, Hatcher and Park have attached a letter from Park to Duprey, advising Duprey of the results of the internal grievance investigation that Duprey had requested.  See Letter from Valerie Park to Karen Duprey (dated March 5, 2008)(Doc. 21-3).  For her part, Duprey has submitted an affidavit to substantiate her due-process claims.  See Doc. 30-2.  The parties have both relied on these exhibits, and the Court believes that, rather than excluding them, the better course is to allow the parties to rely on them, and to convert this motion to one for summary judgment.  The

extraneous materials that the parties have submitted are important to deciding the issues in this motion, and the Court does not wish to disregard them. Indeed, the Court believes that to disregard the exhibits would hamper its ability to correctly decide this motion.

Because the Court is converting this motion into one for summary judgment, the Court will allow Duprey a reasonable time to pull together the materials made pertinent by rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d). Accordingly, the Court will allow Duprey ten days from the entry of this order to file such materials. The Court does not believe this will be an onerous or overly burdensome task. The Court does not see what further information either party could provide that would further illuminate the issues on this motion. All parties appear to have attached the extra-pleading material that they believed was pertinent. The Court therefore believes ten days is sufficient time for Duprey to gather what she needs.

Duprey has objected to the Hatcher and Park's reliance on unauthenticated exhibits in his briefing. The Court agrees that it should not allow Hatcher and Park to pack the record with inadmissible hearsay. Accordingly, the Court will require all parties to properly authenticate their exhibits as required by the Federal Rules of Civil Procedure and by the local rules. All parties have ten days to do so.

**IT IS ORDERED** that the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) by Defendants Hatcher and Park is converted into a motion for summary judgment. Plaintiff Karen E. Duprey has ten days from the entry of this order to gather and to file the materials made pertinent by rule 56 of the Federal Rules of Civil Procedure. Defendants Lorri A. Hatcher and Valerie Park have ten days to submit properly authenticated materials as required by the Federal Rules of Civil Procedure.

_____
                                                            UNITED STATES DISTRICT JUDGE

*Counsel*:

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho, New Mexico

    *Attorneys for the Plaintiff*

Paula Grace Maynes
Miller Stratvert P.A.
Santa Fe, New Mexico

    *Attorney for the Defendant*s