IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAREN E. DUPREY,

       Plaintiff,

vs.                                                                                                                         No. CIV 08-0756 JB

TWELFTH JUDICIAL DISTRICT COURT,
State of New Mexico; HON. KAREN L. PARSONS,
Individually and in her official capacity as
Chief Judge, Twelfth Judicial District
Court, State of New Mexico; HON. EUGENIO S. MATHIS,
Individually, and in his official capacity as
Chairperson of the Judicial Grievance Board
convened at Santa Fe, New Mexico on Friday,
November 16, 2007 and re-convened on
5 December 2007; JAN PERRY,
Individually and in her official capacity as
Court Administrator, Twelfth Judicial District
Court, State of New Mexico; LORRI A. HATCHER,
Individually and in her official capacity as
Director, New Mexico Administrative Office
of Courts, Human Resources Division;
and VALERIE PARK, Individually and in her official capacity as
Project Manager, New Mexico Administrative
Office of the Courts Human Resources Division;

       Defendants.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Defendant Eugenio S. Mathis's Submission of "Supplemental Authority" or in the Alternative to Allow a Response to Said Submission, filed June 25, 2009 (Doc. 45). The Court has determined that there is no need for a hearing on this motion. The primary issue is whether the Court should strike the Letter from Paula G. Maynes to the Court (dated June 25, 2009)(Doc. 46), which contains supplemental legal authority and was submitted after briefing was complete on the underlying

motion to dismiss. Because the Court routinely permits parties to bring legal authority to its attention, and because the Court does not believe it is proper to disregard relevant law when deciding a motion, the Court will deny the motion in part. And because the Court has already decided the motion to dismiss, the Court will also deny as moot the alternative relief of setting a briefing schedule so Duprey can respond to the letter, because there was nothing to prevent her from responding to the thrust of the arguments in the letter in her motion to strike, and because she can file a motion to reconsider if there is something the Court missed in its Memorandum Opinion and Order granting the underlying motion to dismiss.

### FACTUAL BACKGROUND

Duprey was an employee of the Twelfth Judicial District Court for the State of New Mexico. See Complaint for Employment Discrimination and Retaliation and for Deprivation of Civil Rights Under Color of State Law ¶ 2, at 2, filed August 18, 2008 (Doc. 1)("Complaint"). She began working for the Twelfth Judicial District Court on August 31, 1995. See id. ¶ 34, at 8. In the year 2000, Duprey competed for the position of Court Administrator. See id. ¶ 36, at 8. Although she alleges she was highly qualified for the position, Duprey did not receive the promotion. See id. ¶ 36, at 8. Rather, another, less qualified employee received the job, and "from the outset exhibited jealousy and antipathy toward [Duprey], and directly and indirectly encouraged younger employees and minority employees working under [Duprey] to exhibit insubordination and discontent." Id. ¶ 36, at 8. Duprey further alleges that she suffered various other negative actions at work, including denial of a pay raise because of an unfair evaluation, degrading and demeaning interrogations based on unfounded allegations made by Hispanic subordinates who had banded against her, a reprimand, and ultimately, a demotion. See id. ¶¶ 37-43, at 9-10.

Duprey has named Mathis as a defendant in her lawsuit. See id. ¶¶ 13-14, at 4. Duprey

alleges in her Complaint that, after being demoted, she "filed an internal complaint of harassment pursuant to the New Mexico Judicial Branch Personnel Rules." Id. ¶ 44, at 10. Duprey also filed a grievance because of the demotion and had a hearing before the Grievance Board. See id. ¶¶ 46-48, at 10-11.

Mathis was chairman of the Grievance Board. See id. ¶ 47, at 10-11. Duprey requested that Mathis recuse himself from chairing the Grievance Board because she was concerned about Mathis' working relationship with the individual who initiated her demotion. See id. Mathis did not recuse himself, and the hearing proceeded on November 16, 2007. See id. ¶¶ 47, at 10-11. At the hearing, Mathis demonstrated a frequent attitude of arrogance and condescension towards Duprey and her counsel, cutting questions short and generally making her feel that she would not receive a fair hearing. See id. ¶¶ 48, at 11.

There was insufficient time to complete the November 16, 2007 grievance proceedings. As a consequence, the hearing was scheduled to pick up again on December 5, 2007. See id. ¶¶ 52, at 12. Before the December 5, 2007 hearing, Defendant Valerie Park revealed to Duprey and Duprey's counsel that audio recordings from the November 16, 2007 proceeding had been accidentally destroyed. See id. ¶¶ 53, at 12. Because the audio tape had been destroyed, Duprey informed Mathis that she wished to begin the hearing anew. Mathis denied the request to start the hearing over and, by doing so, denied Duprey a record of what she believes to be the most important testimony. See id. ¶¶ 55-56, at 12. Ultimately, at the end of the December 5, 2007 portion of the hearing, the Committee ruled against Duprey. See id. ¶ 57, at 12.

## PROCEDURAL BACKGROUND

Duprey filed her Complaint in the United States Court for the District of New Mexico on August 18, 2008. She has made a series of statutory and constitutional claims against Mathis.

Duprey is also seeking punitive damages against Mathis. See id. ¶¶ 92-93, at 18-19. Duprey alleges that Mathis' conduct related to the grievance hearing and that the harassment investigation constituted a denial of due process. See id. ¶¶ 86-90, at 17-18. Duprey therefore asserts that, pursuant to 42 U.S.C. § 1983, Mathis is liable for such violations.

Mathis moved for dismissal based on two primary arguments. First, he contended that he enjoys absolute immunity for his actions as chairman of the Grievance Review Board. See Defendant Mathis' Memorandum in Support of Motion to Dismiss Pursuant to Rule 12(b)(6) at 3, filed October 2, 2008 (Doc. 17)("Memo."). Alternatively, Mathis asserted that, under the Rooker-Feldman doctrine,[1] the Court does not have jurisdiction to hear this case. See id. at 5.

In a supplemental letter to the Court after the briefing cycle was completed for the motion to dismiss, and after the hearing the Court held on the motion on June 18, 2009, Mathis called to the Court's attention rule 1-075B of the Rules of Civil Procedure for the District Courts of New Mexico, which provides:

> An aggrieved party may seek review of a final decision or order of an agency by (1) filing a petition for writ of certiorari in the district court with proof of service; and (2) promptly filing with the agency a copy of the petition for writ of certiorari that has been endorsed by the clerk of the district court.

NMRA 1-075B (2002). Mathis contended that Duprey did not pursue the certiorari review in the district court, and that the language of the rule, along with the tape record, provided her an avenue to do so. See Letter from Paula G. Maynes to the Court at 1-2. In other words, the letter that Mathis

---

[1] The doctrine takes its name from the two Supreme Court cases in which it has been applied: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Pursuant to the doctrine, United States district courts will not exercise jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2007).

sent to the Court contained legal authority that Mathis believed was persuasive on the issue whether the grievance hearing provided adequate procedural safeguards such that it could be considered a quasi-judicial proceeding.

Mathis' letter of supplemental authority to the Court led to this motion to strike. In the motion, Duprey, asserting that no rule of civil procedure or local rule allows the submission of supplemental authority, asks the Court to strike the letter and to disregard it in deciding the motion to dismiss. See Motion at 1. Alternatively, Duprey asks the Court to set a briefing schedule to allow for a response.

## ANALYSIS

Duprey asks the Court for two alternative forms of relief. First, she asks that the letter containing supplemental authority play no role in the Court's decision on Mathis' motion to dismiss. Alternatively, Duprey asks for the Court to set a briefing schedule so that she can respond. Neither form of relief, however, is warranted.

Since the motion to strike was filed, the Court decided the underlying motion to dismiss. See Memorandum Opinion and Order at 1-2, entered July 14, 2009 (Doc. 48). In deciding the motion to dismiss, the Court considered the legal authority that Mathis provided, which included a reference to the New Mexico Rules of Civil Procedure, and found the cited rule to be important to the Court's determination. Although the legal authority was brought to the Court's attention by way of a letter outside the regular briefing cycle, the Court believes it was on firm ground to consider the cited law. Ultimately, the Court's goal in deciding motions is to apply the applicable legal principles correctly and consistently. If important legal rules or authorities come to light, the Court cannot reasonably ignore the authority and decide a motion – perhaps incorrectly – because it chose to ignore applicable law solely because the law came to the Court's attention by way of a

supplemental filing or by way of a letter from a party outside the briefing.

Duprey received notice of the letter and a copy of its contents. She therefore had an opportunity to respond to it. The Court did not decide the motion to dismiss until approximately twenty days after Mathis sent the supplemental authority. Rather than taking the opportunity to substantively respond, Duprey filed a motion to strike, and made no attempt to rebut the arguments or explain how the legal authority cited did not support Mathis' position. It is fairly standard practice for parties to occasionally send letters or to otherwise file supplemental authority after briefing is complete. The Court rarely disregards such filings, and instead allows the opposing party an opportunity to respond. This case was no different. There was nothing to prevent Duprey from responding to the letter and making arguments to support her position.

It is true that, under the local rules, the filing of a surreply requires leave of the Court. See D.N.M.LR-Civ. P. 7.4(b). One of the primary concerns that rule 7.4 addresses, however, is the management of the briefing cycle's time line. Once the reply is filed, the movant is required to inform the Court, by way of a notice, that briefing is complete and that the motion is ready for decision. See D.N.M.LR-Civ. 7.4(a). Thus, after receiving notice that briefing is complete, the Court is alerted of the need to decide the motion and that there will not be more briefing.

Given that regime, the rule requiring leave to file a surreply is for situations where a non-movant wishes for the Court to hold off on making its decision to allow for an additional brief. The main consequence of not seeking leave to file a surreply is therefore that the Court remains free to decide the motion and need not delay doing so to allow for further argument. A party wishing for the Court to wait for further argument must seek leave to file a surreply, as rule 7.4 requires.

The Court therefore does not believe the local rules require the Court to disregard Mathis' letter or to set a new briefing schedule. Supplemental authorities, such as letter at issue in this

motion, can be considered surreplies or supplemental briefs in the sense that they are briefs submitted outside the established briefing time line.  In another sense, however, they are not formal surreplies as rule 7.4 contemplates, because the Court has no obligation to hold off its decision on the underlying motion to dismiss, given that the Court did not grant leave to file a surreply.

Moreover, the Court finds it appropriate to grant leave for Mathis to file his letter with the Court.  It contains legal authority that the Court believes is necessary to a fair and proper resolution of the motion to dismiss.  The Court will treat the letter as a supplemental brief.  Accordingly, the Court will not strike the letter.

Nor will the Court set a new briefing cycle on the letter.  Duprey had her opportunity to respond to the arguments in the letter, but chose to file a motion to strike.  Now that the Court has ruled on the motion to dismiss, Duprey's request for more briefing is moot.  At this stage, the more appropriate route is to allow Duprey to file a motion to reconsider if there is something the Court missed in its Memorandum Opinion and Order ruling on the motion to dismiss.

**IT IS ORDERED** that the request that the Court strike the Letter from Paula G. Maynes to the Court (dated June 25, 2009)(Doc. 46) in Plaintiff's Motion to Strike Defendant Eugenio S. Mathis's Submission of "Supplemental Authority" or in the Alternative to Allow a Response to Said Submission is denied.  The Plaintiff's alternative request for an opportunity to file a response is denied as moot, without prejudice to her ability to file a motion to reconsider the Court's Memorandum Opinion and Order, entered July 14, 2009 (Doc. 48).

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho, New Mexico

    *Attorneys for the Plaintiff*

Paula Grace Maynes
Miller Stratvert, P.A.
Santa Fe, New Mexico

    *Attorney for the Defendant*s